**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **VS.** | : **CRIMINAL NO. 09-00062-CG** |
| **SHARON DENISE JEMISON** | : |

## ORDER

On June 12, 2009, defendant filed a motion to continue the trial of this action from its current setting in July, 2009 to August, 2009 (Doc. 17) in order that she and her attorney may have more time to prepare for trial on new charges included in a superseding indictment filed in this action on May 28, 2009 (Doc. 13).  In support of her motion, she proffers that the discovery in this action includes 2500 documents and 1200 of those documents were not produced until June 3, 2009.  Although the motion has been pending since June 12, 2009, the Government has not filed an objection.  After consideration of the motion and the Court record, it is determined that the motion is well taken and that this action should be continued into the August, 2009 criminal term.  This order is entered on the authority of 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(b)(2).

On April 8, 2009, Ms. Jemison was first arraigned on five counts of aiding and abetting the preparation of fraudulent tax returns (Doc. 1).  Her trial was originally scheduled for the June term but was continued into July on the

joint motion of the parties (Doc. 12).  A superseding indictment was then returned and it contains five additional counts charging that she has committed Bankruptcy fraud on four occasions and falsified records on another (Doc. 14). These new counts are supported by different facts, facts that have just been disclosed to defendant's counsel. Given the nature of the ten pending counts and the amount of documentary information to be reviewed, defendant and her attorney do need more time to prepare for trial.

   Mr. Wiley and his client clearly need more time to investigate and evaluate the facts and consequences surrounding the new charges.  Thus, he seeks more time to investigate the new charges and evaluate their potential impact on sentencing should Jemison continue in her decision to request a trial on all charges.  Additionally, it does not appear that the Government opposes a continuance.

   For the reasons stated above, the motion for a continuance is **GRANTED**.  It is specifically determined that the ends of justice served by continuing the trial of this action outweigh the best interest of the public and the defendant to a trial set in August, 2009.  For the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(8)(A).

   Accordingly, this action is continued at defendant's request into the September, 2009 criminal trial term with jury selection scheduled for **Monday,**

**August 31, 2009.**  The Clerk shall refer this action to the appropriate magistrate judge for rescheduling the pretrial conference.  Ms. Jemison shall file a waiver of her Speedy Trial rights, if any, to a trial setting any earlier than during the month of September, 2009.  The waiver is to be filed no later than July 16, 2009.

DONE AND ORDERED this 8th day of July,  2009.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE